# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

**TIMOTHY EDDINGTON**
    Petitioner,

  v.                **CIVIL ACTION NO. 16-11711-DJC**

**WARDEN J. GRONDOLSKY,**
    Respondent.

**CASPER, J.**                       **November 4, 2016**

## MEMORANDUM AND ORDER

**I.   Background**

On August 19, 2016, *pro se* prisoner petitioner Timothy Eddington, filed a self-prepared *habeas corpus* petition against Federal Medical Center Devens Warden J. Grondolsky concerning his conditions of confinement at FMC Devens. *See* ECF No. 1, Petition, p. 1 ("I'm only fighting the prison conditions here at FMC Devens."). Petitioner claims that he is being denied meaningful access to the courts and law library because of medically–based restrictions of FMC-Devens. *Id.* Specifically, petitioner claims that he has severe bowel issues and is forced to choose between recreation, medication/treatment, and law library access. *Id.* at pp. 6-7. Petitioner also claims that because of his incontinence, it is not practicable for him to be at the law library. *Id.* at 7. Finally, petitioner complains, generally, that because of his medical condition, he is being denied unspecified opportunities for medical treatment, food and law library that other inmates have access to at FMC Devens. *Id.* Petitioner filed a motion to proceed *in forma pauperis* along with the petition.

**II.   Analysis**

"[A]s a general matter, habeas corpus proceedings are the proper mechanism for challenging the 'legality or duration' of confinement. By contrast, a non-habeas civil action is the

1

proper method of challenging conditions of confinement." Diaz v. Grondolsky, No. CA 13-11341-NMG, 2013 WL 3892894, at *4 (D. Mass. July 24, 2013)(citing Preiser v. Rodriguez, 411 U.S. 475, 484–499 (1973); Allen v. McCurry, 449 U.S. 90, 104 (1980)).  "[I]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody . . . then habeas corpus is his remedy, but if he is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of his confinement and his remedy is under civil rights law." Garcia v. Grondolsky, No. CIV.A. 12-12116-JLT, 2013 WL 1336836, at *2 (D. Mass. Mar. 8, 2013)(citations and quotations omitted), report and recommendation adopted, No. CIV.A. 12-12116-JLT, 2013 WL 1337117 (D. Mass. Apr. 1, 2013).  Here, petitioner is seeking accommodations relating to his medical conditions and access to prison facilities such as the law library, not a quantum change to his level of custody, foreclosing *habeas corpus* relief. Notably, petitioner is a "three strikes" litigant pursuant to 28 U.S.C. 1915(g), which may explain why petitioner brought this matter as a *habeas corpus* petition rather than a civil rights action.[1]  In any event, *habeas corpus* is not the proper procedural vehicle, and therefore, the petition should be dismissed pursuant to 28 U.S.C. §2243.

---

[1] A prisoner may not bring an *in forma pauperis* civil action if the prisoner has, on three or more prior occasions, brought an action that was dismissed because it was frivolous, malicious, or failed to state a claim, unless he or she is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Eddington is a three strikes litigant. See Eddington v. Boyles, No. 2:11CV25, 2011 WL 3444197, at *1 (N.D.W. Va. July 11, 2011), report and recommendation adopted, No. 2:11-CV-25, 2011 WL 3444232 (N.D.W. Va. Aug. 8, 2011)(citing Eddington v. Anderson, et al., Civil Action No. 6:10–cv–03425–GAF (W.D. Mo.); Eddington v. U.S. Marshall Service, et al., Civil Action No. 8:10–cv–01108–RBH (D. South Carolina); Eddington v. Bharti, Civil Action No. 5:10–cv–00050–FPS (N.D. W.Va.) as three strikes.). In addition, petitioner's IFP status was revoked in Eddington v. Ulrich, Civil Acton No. 2:13-cv-353-WTL-MJD, ECF Nos. 27 and 30 (S.D. Ind.); Eddington v. Samuels, Civil Action No. 1:14-cv-0463-JMS-MJD, ECF No. 10(S.D. Ind.).

## III.  Conclusion and Order

For the reasons sated above, the petition is hereby DISMISSED.  The motion to proceed *in forma pauperis* is DENIED.

SO ORDERED.

                /s/ Denise J. Casper
                UNITED STATES DISTRICT JUDGE